This is an appeal from an order of the Bergen County Orphans Court denying an application by the proponent of the will to dismiss an appeal in the Orphans Court from the probate of the will by the surrogate. It appears that before the entry of the order now appealed from there had been several defaults by the contestants of the will which over a considerable period of time had been opened so that the contestants could proceed. It is contended by the appellant here, a proponent of the will, that the Orphans Court had no right to make the order since it was an abuse of discretion. It is argued that there is no basis for the opening of the default since the application did not show the merits of the claim that the testator was of unsound mind.
It appears from the record that the Orphans Court was justified in finding that the defaults were excusable. In the course of the various applications and proceedings before the Orphans Court, I think it sufficiently appeared that the contest *Page 92 
of the will had sufficient basis to entitle the contestants to a hearing on the merits. The presumption is that the Orphans Court was in sufficient possession of the facts to pass upon the question of meritorious ground. It appeared in the pleadings and apparently was at least tacitly admitted that testator died in an insane asylum within five weeks of the execution of the will. It must be assumed that the method adopted by the court to ascertain the facts was a proper and lawful one. Lush v. Foster,44 N.J. Law 378. The order appealed from contains a finding "that from the pleadings and the facts that had been argued from time to time entitled the appellant to a hearing on the merits of the case."
Where a discretion may be exercised its abuse must be clearly shown to set aside an order made in the exercise of the discretion.
I find that the order appealed from was within the discretionary powers of the Orphans Court and the appeal therefore must accordingly be dismissed. *Page 93